**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile:  (213) 383-7368
E-Mail:     maimons@aol.com


Attorney for Plaintiff
CALVIN JEET NARWAL

# UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN JEET NARWAL,<br><br>        Plaintiff,<br><br>v<br><br>SHOREHAM BANK f/k/a HOME INVESTMENT BANK FSB; DOES 1-10 INCLUSIVE,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**[VIOLATION OF FEDERAL CIVIL RIGHTS AND RICO]**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1

Plaintiff CALVIN JEET NARWAL ("Plaintiff") hereby files the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this court exists under 28 U.S.C. Section 1964, and 42 U.S.C. Sections 1981, 1982, and 1983. This action which arises under the laws of the United States, and involves violations of federal law actionable under 18 U.S.C. Section 1964(c), and 42 U.S.C. Sections 1981 and 1983. Federal jurisdiction also exists under 12 U.S.C. 632.and Osborn v Bank of the United States, 22 U.S. 738 (1824), The Court also has state supplemental jurisdiction under 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff is an individual and a resident of San Bernardino County, CA.

3. Defendant SHOREHAM BANK f/k/a HOME INVESTMENT BANK FSB ("SB," or collectively with the other named defendants as "Defendants") is Rhode Island corporation with a principal address of 1 Shoreham Way, Warwick, RI 02886 and a federally chartered savings bank subject to supervision by the Federal Reserve Bank..

4. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 100, and persons heretofore unknown involved in the actions taken against the plaintiff are unknown to her at this time. Plaintiffs are informed and believes and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred

to, and that plaintiff's injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

5.  STAR HOTELS LLC ("SH"), is a Kansas limited liability company which at all relevant and material times was the 100% owner and operator of a motel ("Motel") located in Wichita, Sedgwick County, Kansas.

6.  At all times material herein, SB was the lender of monies to purchase the motel by SH and required Plaintiff to act as the guarantor of the loan to SH ("Agreement" and "Guaranty").

7.  Pursuant to the Agreement, Plaintiff was the personal guarantor of the Agreement.

8.  Pursuant to the Agreement, any controversy or claim arising under or relating to the Agreement or Guaranty required SH and Plaintiff. to submit themselves to the jurisdiction of any forum or court, state or federal, in Kansas, and the County of Sedgwick, where the motel is located, but subject to the laws of the State of Kansas.

8.  At all times material herein, Plaintiff had, and until the present has no minimum personal contacts with the State of Kansas to satisfy the minimum contact test of the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be sued in a court of competent jurisdiction in Kansas.

9.  On or about May 1, 2025, a controversy arose under the Agreement and,

Guaranty between Plaintiff, SH and SB, whereby SB filed a Petition for Breach of Contract, Replevin and Foreclosure ("Petition") of the motel for alleged non payment on the Agreement and Guaranty in the District Court of Sedgwick County, Kansas entitled <u>Shoreham Bank, et al. v Star Hotels, LLC, et al.</u>, Case No. SG=2025-CV-001047 ("Kansas Case"),whereby falsely claimed that Plaintiff had been properly served with the Petition for purposes of satisfying the requirements of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and also falsely claimed that Plaintiff satisfied the minimum contact test with the State of Kansas to meet the requirements of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

10. The Defendants failed to properly serve the Plaintiff in California, but nevertheless proceeded to obtain in violation of Plaintiff's federal constitutional due process rights, a default judgment in the Kansas Case that was filed and entered on November 13, 2025 ("Default Judgment").

11 Under the Sister State Money-Judgments Act, <u>California Code of Civil Procedure</u> Section 1710.10, et seq ("SSMJ")., an application for entry of a sister state judgment in California can be challenged by the alleged judgment defendant on the grounds that the judgment in the sister state was entered in violation of due process.

12. Pursuant to the SSMJ and Californias law, and the Full Faith and Credit Clause, Article IV, Section 1 of the United States Constitution, and 28 U.S.C. Section 1738, a judgment that was entered in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution is void as a matter of law and is not to be entered as a sister state judgment enforceable in California and Californis does not give such a purported full faith and credit.

13. Plaintiff is of Asian-Indian and Punjabi origin which the SB, and the Defendants, and each of them, were at all times material herein aware of, as they are also aware that all the members of Asian-Indian and Punjabi origin, and as a matter of an unwritten custom and practice, the Defendants have the greatest percentage of its

claimed breaches of an Agreement and Guaranty such as in this case in California, and lawsuits with SB such as Plaintiff's who are of Asian-Indian and Punjabi origin, as SB, and the Defendants, and each of them, believes that such motel owners and operators are less trustworthy as hotel owners and operators who are Caucasian, invariably find a breach such agreements and guaranties, as the case is here, by suing for alleged breaches of such agreements and guaranties in the Kansas or other foreign State courts, instead of the state and federal courts in California.

14.  In taking the actions set forth in paragraphs 5–13 above, SB and the Defendants, and each of them, acted with full knowledge, consent, and agreement among themselves regarding the facts stated herein.

15.  Plaintiff has been severely damaged in both his economic and non-economic damages.

Based on the foregoing, Plaintiff alleges the following claims for relief.

**FIRST CLAIM FOR RELIEF**

**(Violation of 42 U.S.C. Section 1981 by Plaintiff
Against All Defendants)**

16..  Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-15 above.

17. The actions of SB, and the Defendants, and each of them, constitutes violations of 42 U.S.C. Section 1981 which states that "[a]ll persons within the jurisdiction of the United States shall have the right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security and property as is enjoyed by white citizens.

18.  As a proximate result of the foregoing actions of the Defendants, and each of them, Plaintiff has been injured in an amount according to proof at trial

but not less than $20,000,000.00 against SB and each defendant. Plaintiff is also entitled to his reasonable attorney fees under 42 U.S.C. Section 1988 and exemplary damages.

### SECOND CLAIM FOR RELIEF

**(Violation of 42 U.S.C. Section 1983 by Plaintiff
Against All Defendants)**

19.   Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-18 above.

.

20.   Plaintiff alleges that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the County of Sedgwick and the State of Kansas for purposes of "state action" and "color of law" under 42 U.S.C.  Section 1983.

21.   Plaintiff further alleges that in doing all of the things herein mentioned, SB and the Defendants, and each of them, violated and further threaten to violate the constitutional and civil rights of the Plaintiff, in particular their individual rights under the First and Fourteenth Amendment of the United States Constitution Petition and Grievances Clause; the Fourth and Fourteenth Amendment of the United States Constitution Search and Seizure Clause; the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and the Fourteenth Amendment of the United States Constitution Due Process Clause, both its substantive and procedural Components, and the Fourteenth Amendment of the United States Constitution Equal Protection Clause.

22.    SB and the Defendants, and each of them, are not entitled to any immunity, qualified or otherwise.

23.    As a proximate result of the foregoing actions of SB, and the Defendants and each of them, Plaintiff has been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $20,000,000.00 against SB and each Defendant, and is also entitled to appropriate declaratory and injunctive relief.  Plaintiff is also entitled to his reasonable attorney fees under 42 U.S.C. Section 1988.

### THIRD CLAIM FOR RELIEF

**(Violation of 18 U.S.C. Section 1964(c) by Plaintiff
Against All Defendants)**

24.    Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-23 above.

25.    SB and Defendants, and each of them, agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff with the use of the instrumentalities of the U.S. mail, in violation of 18 U.S.C. Sections 1341, constituting a pattern of racketeering activity pursuant to 18 U.S.C. Sections 1961(1) and (5) and 1964©.

26.    SB and Defendants, and each of them, have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering activity above.

27.    As a proximate result of the foregoing actions of SB and the Defendants, and each of them, racketeering activities, and violations of 18 U.S.C. 1961 (1), (5), and 18 U.S.C. 1964©, Plaintiff has been injured in his business and according to proof at trial but not less than $20,000,000.00 against SB and each defendant. Plaintiff is  also entitled to his reasonable attorney fees and exemplary and treble damages.

## FOURTH CLAIM FOR RELIEF

### (Violation of California Business & Professions Code 17200, et seq. by Plaintiff Against All Defendants)

28.    Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-27 above.

29    The actions of the Defendants, and each of them, constitutes violations of California Business & Professions Code 17200, et seq. ("UCL") by violating both engaging in unfair and unlawful business practices.

30.    As a proximate result of the foregoing actions of the Defendants, and each of them, Plaintiff has been injured in an amount according to proof at trial, but not less than $5,000,000.00 against each defendant, and relief as required under the UCL against SB and each Defendant, which includes restitution and a declaration that the Agreement and Guaranty is on its face and as applied by SB and the Defendants, and each of them, against Plaintiff, ii void; and an injunction of the Guaranty and enforcement of its provisions against Plaintiff, and that the Judgment against Plaintiff

will not be given full faith and credit or entered in California under the SSMJ and Californias law, and the Full Faith and Credit Clause, Article IV, Section 1 of the United States Constitution, and 28 U.S.C. Section 1738,. Plaintiff is also entitled to his reasonable attorney fees under the UCL and exemplary damages.

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1. For damages according to proof at trial but believed to be not less than $20,000,000.00;

2. For exemplary damages;

3. For appropriate declaratory and injunctive relief;

4. For attorney fees;

**SECOND CLAIM FOR RELIEF**

5. For damages according to proof at trial but believed to be not less than $20,000,000.00;

6. For exemplary damages;

7. For appropriate declaratory and injunctive relief;

8. For attorney fees;

**THIRD CLAIM FOR RELIEF**

9. For damages according to proof at trial but

believed to be not less than $20,000,000.00;

10.  For exemplary damages;

11.  For treble damages;

12.  For appropriate declaratory and injunctive relief;

13.  For attorney fees;

**FOURTH CLAIM FOR RELIEF**

14.  For damages according to proof at trial but

believed to be not less than $5,000,000.00;

15.   For relief under the UCL, which includes restitution

and a declaration that the Agreement and Guaranty is on its face and as

applied by SB and the Defendants, and each of them, against Plaintiff, ii

void; and an injunction of the Guaranty and enforcement of its provisions

against Plaintiff, and that the Judgment against Plaintiff

will not be given full faith and credit or entered in California under the

SSMJ and Californias law, and the Full Faith and Credit Clause, Article

IV, Section 1 of the United States Constitution, and 28 U.S.C. Section

1738;

16.   For exemplary damages;

17.   For appropriate declaratory and injunctive relief;

18.   For attorney fees;

## FOR ALL CLAIMS FOR RELIEF

19. For costs of suit;

20. For such other and further relief as the Court deems proper.

Dated: February 18, 2026                LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Plaintiff CALVIN JEET NARWAL

## DEMAND FOR JURY TRIAL

Plaintiffs= hereby demands a jury trial pursuant to F.R.C.P. 38.

Dated: February 18, 2026                LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Plaintiff CALVIN JEET NARWAL